**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **K.C.**

**No. 21-0705** (Kanawha County 20-JA-644)

**MEMORANDUM DECISION**

Petitioner Mother C.L., by counsel Sandra K. Bullman, appeals the Circuit Court of Kanawha County's July 26, 2021, order terminating her parental rights to K.C.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Katherine A. Campbell, filed a response in support of the circuit court's order. The guardian ad litem, Jason S. Lord, filed a response on the child's behalf in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights without first granting her an improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2020, the DHHR filed a child abuse and neglect petition alleging that petitioner abused controlled substances and failed to properly supervise then six-month-old K.C. The DHHR alleged that petitioner and two other adults lived in the home with K.C. where they abused methamphetamine and heroin. According to the DHHR, drugs and drug paraphernalia were left within reach of the child. The DHHR also alleged that petitioner would leave K.C. alone in the home for extended periods of time. The petition set forth that a Child Protective Services ("CPS") worker interviewed petitioner, who admitted to marijuana use only. The

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

DHHR further alleged that petitioner expressed fear of the child's father, asserting that he had been "extremely violent with her." The DHHR noted that petitioner had not filed a domestic violence protective order against the father. Finally, the DHHR alleged that K.C. was born premature and petitioner failed to take the child to pediatric appointments. Later in December of 2020, the circuit court held a preliminary hearing, to which petitioner did not appear, and ratified the emergency removal of K.C. from petitioner's care.

The circuit court held an adjudicatory hearing in March of 2021. Petitioner did not appear, but counsel represented her. The circuit court heard testimony from a CPS worker that was consistent with the allegations in the petition. Additionally, the DHHR reported that petitioner tested positive for methamphetamine, amphetamine, and tetrahydrocannabinol ("THC") on multiple occasions since the preliminary hearing. The circuit court found that petitioner abused controlled substances and allowed known substance abusers to live in the home with K.C. The court further found that petitioner admitted to being in an abusive relationship with the father and that she and the father "fought all the time." The circuit court adjudicated K.C. as a neglected child and petitioner as an abusing parent.

The circuit court held a dispositional hearing in April of 2021. Petitioner appeared in person and by counsel. She moved for a post-adjudicatory improvement period. The court heard testimony from a CPS worker that petitioner had been provided services, such as random drug screening, adult life skills and parenting classes, domestic violence counseling, and supervised visitation with K.C. The DHHR also recommended that petitioner enroll in a substance abuse treatment program but proffered that she had failed to do so. Upon petitioner's assertions that she would promptly enroll in a substance abuse treatment program, the circuit court held her motion for an improvement period in abeyance and advised her that if she did not complete the treatment program and the offered services, it was "likely that her parental rights [would be] terminated." Petitioner acknowledged that she understood and agreed to comply with the court's directive.

In May of 2021, the circuit court held a second dispositional hearing, for which petitioner appeared. The DHHR reported that petitioner had not enrolled in a substance abuse treatment program. It asserted that a service provider drove petitioner to a treatment facility but petitioner "change[d] her mind" once she was there and refused to enroll. The DHHR also reported that petitioner had not submitted to any random drug screening, despite multiple attempts from service providers to obtain a sample for screening. Nevertheless, the DHHR requested that the circuit court order petitioner to enroll in a substance abuse treatment program and continue the dispositional hearing. The circuit court granted the DHHR's motion, ordered petitioner to immediately enroll in an inpatient substance abuse treatment program, and directed petitioner's service provider to promptly transport her to the facility. The circuit court again advised petitioner that if she failed to participate in the treatment program, then it would terminate her parental rights at the next dispositional hearing.

The circuit court held the final dispositional hearing in July of 2021. Petitioner did not appear, but counsel represented her. The circuit court heard evidence that petitioner failed to enroll in the substance abuse treatment program as ordered and otherwise failed to participate in services. The DHHR reported that petitioner would "sporadically" send text messages to her CPS worker and service provider to say "hey" but would not respond when messaged. The circuit

2

court found that petitioner was noncompliant with services, refused to enroll in inpatient substance abuse treatment, and had "effectively been missing in action throughout these proceedings." Based on petitioner's noncompliance, the circuit court concluded that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future and that termination of petitioner's parental rights was necessary for the child's welfare. Accordingly, the circuit court terminated petitioner's parental rights by its July 26, 2021, order. Petitioner now appeals that order.[2]

The Court has previously held:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating her parental rights without first granting her a post-adjudicatory improvement period. She asserts that since the termination of her parental rights, she enrolled in a substance abuse treatment program. According to petitioner, the circuit court should have granted her an improvement period so that she could demonstrate her ability to parent K.C. or learn the skills necessary to properly parent the child. We find petitioner is entitled to no relief.

First, in order to be granted a post-adjudicatory improvement period under West Virginia Code § 49-4-610(2)(B), the parent must first "demonstrate[], by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period." "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period." *In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015); *see also In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) (holding that a circuit court has the discretion to deny a motion for an improvement period when no improvement is likely).

---

[2]The father's parental rights were terminated below. According to the parties, the permanency plan for the child is adoption in his current foster placement.

Here, petitioner failed to demonstrate that she was likely to fully participate in an improvement period. Due to petitioner's substance abuse, the DHHR recommended that she participate in a substance abuse treatment program and random drug screens, among other services. The evidence showed, however, that petitioner failed to fully participate in either term. As the proceedings neared the end in July of 2021, petitioner ceased any meaningful contact with the DHHR and her service providers. Even on appeal, petitioner points to no additional evidence that the circuit court failed to consider in its determination to deny petitioner's motion for an improvement period. Due to petitioner's noncompliance in services, the circuit court did not abuse its discretion in denying petitioner's motion for an improvement period.

Likewise, we find the circuit court did not err in terminating petitioner's parental rights to the child. Pursuant to West Virginia Code § 49-4-604(c)(6), a circuit court may terminate a parent's parental rights upon finding that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the children. West Virginia Code § 49-4-604(d)(3) provides that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when

> [t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare, or life of the child.

Here, petitioner's failure to comply with the services offered by the DHHR and ordered by the circuit court supports the finding that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future. Despite multiple opportunities to comply, petitioner continuously declined substance abuse treatment and other remedial services. Furthermore, this Court has held that

> "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

*Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 4. According to the record, K.C. is nearly two years of age and in need of permanency. As petitioner consistently failed to follow through with treatment of her substance abuse, we agree with the circuit court that termination of her parental rights was necessary for the child's welfare.

Finally, this Court has held that

"[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). As set forth above, the requisite findings are fully supported by the record on appeal. We, therefore, find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 26, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: March 9, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats sitting by temporary assignment